| | |
|---|---|
| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
| COUNTY OF GRAND FORKS | NORTHEAST CENTRAL JUDICIAL DISTRICT |

| | | |
|---|---|---|
| First Western Bank & Trust<br><br>Plaintiff,<br><br>vs.<br><br>Khaled Rabadi,<br><br>Defendant. | ) | Case No. 18-2026-CV-00864<br><br>**ANSWER** |

Defendant Khaled Rabadi ("Defendant"), for his Answer to the Complaint filed by First Western Bank & Trust ("First Western"), states as follows:

Unless specifically admitted, Defendant denies each and every allegation in the Complaint.

1. Defendant lacks sufficient knowledge to admit or deny the allegations contained in paragraph 1 of the Complaint and, therefore, denies the allegations.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint contains a general statement to which no response is required. Defendant denies any factual allegations contained therein.

5. Paragraph 5 of the Complaint contains a general statement to which no response is required. Defendant denies any factual allegations contained therein.

6. In response to paragraph 6, Defendant states that the guaranties, promissory notes, and other loan documents speak for themselves and denies any remaining allegations.

7. In response to paragraph 7, Defendant states that the docket and pleadings for Case No. 18-2026-CV-00108 speak for themselves and denies any remaining allegations.

8. In response to paragraph 8, Defendant states that the promissory note for loan no. 509021 speaks for itself and denies any remaining allegations.

9. In response to paragraph 9, Defendant states that the promissory note for loan no. 614359 speaks for itself and denies any remaining allegations.

10. In response to paragraph 10, Defendant states that the promissory note for loan no. 614364 speaks for itself and denies any remaining allegations.

11. In response to paragraph 11, Defendant states that the promissory note for loan no. 51436599 speaks for itself and denies any remaining allegations.

12. In response to paragraph 12, Defendant states that the promissory note for loan no. 1600301 speaks for itself and denies any remaining allegations.

13. In response to paragraph 13, Defendant states that the promissory note for loan no. 614360 speaks for itself and denies any remaining allegations.

14. In response to paragraph 14, Defendant states that promissory notes speak for themselves and denies any remaining allegations.

15. In response to paragraph 15, Defendant states that Commercial Guaranty and property tax records speak for themselves and denies any remaining allegations.

16. In response to paragraph 16, Defendant states that Commercial Guaranty speaks for itself but specifically asserts that The Kidney & Hypertension Center, PLC is the guarantor under the Commercial Guaranty attached as Exhibit 8 to the Complaint, not Defendant. Defendant denies any remaining allegations.

17. In response to paragraph 17, Defendant states that Commercial Guaranty speaks for itself and denies any remaining allegations.

18. In response to paragraph 18, Defendant states that Commercial Guaranty speaks for itself and denies any remaining allegations.

19. In response to paragraph 19, Defendant states that Commercial Guaranty speaks for itself and denies any remaining allegations.

20. In response to paragraph 20, Defendant states that Commercial Guaranty speaks for itself and denies any remaining allegations.

21. In response to paragraph 21, Defendant states that Commercial Guaranty speaks for itself and denies any remaining allegations.

22. In response to paragraph 22, Defendant states that Commercial Guaranty speaks for itself and denies any remaining allegations.

23. In response to paragraph 23, Defendant states that Commercial Guaranty speaks for itself and denies any remaining allegations.

24. In response to paragraph 24, Defendant states that Commercial Guaranty speaks for itself and denies any remaining allegations.

25. In response to paragraph 25, Defendant states that Commercial Guaranty speaks for itself and denies any remaining allegations.

26. In response to paragraph 26, Defendant states that Commercial Guaranty speaks for itself and denies any remaining allegations.

27. In response to paragraph 27, Defendant states that Commercial Guaranty speaks for itself and denies any remaining allegations.

28. Defendant lacks sufficient knowledge to admit or deny the allegations contained in paragraph 28 of the Complaint and, therefore, denies the allegations.

29. In response to paragraph 29, Defendant states that the documents referred to in paragraph 29 speak for themselves and denies any remaining allegations.

30. In response to paragraph 30, Defendant states that the documents referred to in paragraph 30 speak for themselves and denies any remaining allegations.

31. Paragraph 31 of the Complaint alleges a legal conclusion that requires no response. To the extent a response is required, Defendant denies the allegations.

32. Paragraph 32 of the Complaint alleges a legal conclusion that requires no response. To the extent a response is required, Defendant denies the allegations.

33. Paragraph 33 of the Complaint alleges a legal conclusion that requires no response. To the extent a response is required, Defendant denies the allegations.

34. The remaining Paragraphs (1.0-3.0) of the Complaint state requests for relief to which no response is required. To the extent a response is required, Defendant denies the allegations.

## DEFENSES

1. First Western's claims fail to state a claim upon which relief can be granted.

2. First Western's claims are barred by estoppel or waiver.

3. First Western's claims are barred by doctrine of unclean hands.

4. First Western's claims are barred or reduced by mistake, fraud, or inequitable conduct.

5. First Western's claims are barred or reduced by accord and satisfaction.

6. First Western's claims are barred by the parole evidence rule.

7. Defendant hereby reserves the right to assert other defenses and affirmative defenses that may arise as the investigation and discovery continue in this case.

## REQUEST FOR RELIEF

1. Denying the relief sought in the Complaint with prejudice;

2. Granting Defendant such other just and equitable relief as the Court deems appropriate.

(Signatures to follow)

Dated: May 15, 2026

*/s/ Steven R. Kinsella*
Steven R. Kinsella #09514
Austin A. Eggl #09672
FREDRIKSON & BYRON P.A.
51 Broadway, Suite 400
Fargo, ND 58102-4991
Telephone: (701) 237-8200
skinsella@fredlaw.com
aeggl@fredlaw.com

Attorneys for Defendant Khaled Rabadi