IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Kidney and Hypertension Center, PLC | ) | |
| d/b/a Grand Forks Clinic | ) | Case No.: 26-30886 |
| The Medical Group, LLC | ) | Case No.: 26-30888 |
| North Dakota Dialysis, LLC | ) | Case No.: 26-30889 |
| Aurora Dialysis, LLC | ) | Case No.: 26-30890 |
| Kidney Institute of North Dakota, LLC | ) | Case No.: 26-30891 |
| KDJ Investment Group, LLC, and | ) | Case No.: 26-30892 |
| KDJ Properties, LLC | ) | Case No.: 26-30893 |
| | ) | |
| ______________________________ | ) | (Chapter 11) |
| | ) | |
| First Western Bank & Trust, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Case No. 26-07025 |
| | ) | |
| Khaled Rabadi, | ) | |
| | ) | |
| Defendant. | ) | |
| ______________________________ | ) | |

## *EX PARTE* MOTION TO EXTEND DEADLINE <br> TO RESPOND TO SUMMARY JUDGMENT MOTION

Comes now Dr. Khaled Rabadi ("Dr. Rabadi" or the "Defendant"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1), and moves this Honorable Court to extend—to and through November 30, 2026—the deadline for Dr. Rabadi to respond to a motion for summary judgment (the "Summary Judgment Motion"), *see* ECF No. 1-18, and in support thereof states as follows:

This case was removed a short time ago, following the filing of chapter 11 petitions on behalf of various of the entities whose debts Dr. Rabadi is alleged—in this litigation—to have guaranteed. Slightly over one week before removal, the undersigned firm substituted its

appearance for Dr. Rabadi, so as to ensure there not exist any conflict with corporate counsel in the bankruptcy cases (with the firm having commenced representing Dr. Rabadi, in earnest, approximately a week prior). Pending at such time, though, was the Summary Judgment Motion which, alongside exhibits thereto, is some 121 pages in length.

The deadline to respond to the Summary Judgment Motion may technically be today, *see* ECF No. 1-17, insofar as the extension of deadlines occasioned by a case's removal does not automatically attach to open motions, *see* Fed. R. Bankr. P. 9027(g)(2). However, it makes sense to extend the deadline in this case because (i) such an extension will permit time to assess whether or not this case ought to be stayed pending disposition—whether by plan confirmation or otherwise—of the main cases; (ii) counsel needs additional time to come up to speed and study the Summary Judgment Motion; and (iii) the change in law occasioned by removal may cause the plaintiff to desire to amend the Summary Judgment Motion.

Familiarly, a deadline (to the extent one is extant),[1] may be extended "for cause." Fed. R. Bankr. P. 9006(b)(1). Each of the foregoing rationales constitute "cause" in this case.

Initially, there is a better-than-not chance Dr. Rabadi will ask this Honorable Court to either extend the automatic stay enshrined in section 362 of title 11 of the United States Code, or to enter an injunction pursuant to section 105 of the same title, so as to ensure this case be stayed pending disposition of the corporate bankruptcy cases. Dr. Rabadi does *not* do so by this motion, which is filed *ex parte* and which is intended only to occasion a garden variety extension of time. But some study of the matter is warranted insofar as efforts to collect upon putative guarantees could (i)

[1] As noted above, the removal of this case created a paradigm whereby the laws governing practice in this Honorable Court became effective. There is a purely-technical argument the state court notice of the Summary Judgment Motion, *see* ECF No. 1-17, does not comply with such rigors, *see* Official Form 420(a); Fed. R. Bankr. P. 9009 (mandating adherence to official forms).

constantly alter the sum and proportion of claims against the corporate bankruptcy estates; (ii) invite indemnity and/or contribution issues; and/or (iii) pull time and resources away from the reorganization process.

Second, and perhaps most plainly: counsel needs time to form a better understanding of this case. The claim herein is premised upon detailed loan documents and an extensive history of economic dealings. The Summary Judgment Motion—inclusive of exhibits—is over 120 pages. It makes sense to allow additional time to file a response even if only so as to ensure new counsel has appropriate occasion to garner an understanding and expend the efforts demanded by a dispositive motion.

Third, the plaintiff may very well wish to amend part or all of the Summary Judgment Motion insofar as the filing is now subject to the more exacting rigors of federal law. *See Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 437 (1974) (". . . once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal."). Assuredly, it is not Dr. Rabadi's prerogative to speak for the plaintiff. But an opposition brief, premised upon various ways federal procedural law alter the posture of this case, is likely to only invite frustration on the part of all parties in interest if the plaintiff is not first afforded time sufficient to assess whether or not there exists a desire to amend the Summary Judgment Motion (or the underlying complaint).

In short, all parties will benefit from a brief pause. The extension sought herein is reasonable, measured, and premised upon cognizable cause. And it is thusly appropriate to grant this brief extension.

WHEREFORE, Dr. Rabadi respectfully prays his deadline to respond to the Summary Judgment Motion—to the extent a deadline is extant at all—be extended to and through November 30, 2026, and for such other and further relief as may be just and proper.

Respectfully Submitted,

Dated: November 2, 2026 By: /s/ Maurice B. VerStandig

Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for Dr. Rabadi*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of November, 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig