IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | |
| Kidney and Hypertension Center, P:LC<br>d/b/a Grand Forks Clinic<br>The Medical Group, LLC<br>North Dakota Dialysis, LLC<br>Aurora Dialysis, LLC<br>Kindey Institute of North Dakota, LLC<br>KDJ Investment Group, LLC, and<br>KDJ Properties, LLC | Case No.: 26-30886<br>Case No.: 26-20888<br>Case No.: 26-30889<br>Case No.: 26-30890<br>Case No.: 26-30891<br>Case No.: 26-30892<br>Case No.: 26-30893<br><br>(Chapter 11) |
| First Western Bank & Trust,<br><br>Plaintiff,<br><br>v.<br><br>Khaled Rabadi,<br><br>Defendant. | Adv. Case No. 26-07025 |

**FIRST WESTERN BANK & TRUST MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

## I. INTRODUCTION

This action began in North Dakota state court on April 21, 2026. First Western asserts one cause of action against Defendant Khaled Rabadi under thirteen commercial guaranties. Dr. Rabadi is the sole defendant, and none of the chapter 11 debtors is a party to this action, nor is Dr. Rabadi a party to the bankruptcy actions.

Dr. Rabadi removed the action on November 2, 2026, asserting bankruptcy jurisdiction because certain entities whose obligations he allegedly guaranteed had filed chapter 11 petitions.

However, an action against a guarantor rests on the guaranty, which is an obligation distinct from the principal debtor's note and mortgage. See Alerus Fin., N.A. v. Marcil Group Inc., 2011 ND 205, ¶ 19; 806 N.W.2d 160, 169 (N.D. 2011). North Dakota law permits a creditor to pursue a guarantor separately from the principal debtor and does not require the guaranty action to accompany a foreclosure action. See id.

The possibility that this action may affect claims involving the bankruptcy estates may support "related to" jurisdiction, but it does not transform First Western's state-law guaranty claim against a non-bankruptcy debtor into a core proceeding. At most, this is a non-core proceeding related to the chapter 11 cases. The Court should remand it through mandatory abstention or, alternatively, on equitable grounds.

## II. STATEMENT OF FACTS

First Western commenced this civil action in the District Court of the Northeast Central Judicial District, Grand Forks County, on or about April 21, 2026. ECF. No 1, p. 2, ¶4. First Western is the sole plaintiff, and Dr. Rabadi is the sole defendant. id. at ¶2 & 3.

The Complaint asserts one cause of action based on thirteen commercial guaranties allegedly guaranteeing indebtedness owed by Kidney and Hypertension Center, PLC, KDJ Investment Group, LLC, and KDJ Properties, LLC. ECF. No. 1, Attachment 2. Those entities subsequently became debtors in chapter 11 cases pending in this Court.

Before removal, First Western had filed a summary-judgment motion. ECF. No. 1, Attachment 17-19. At the time that the motion for summary judgment was filed, Dr. Rabadi was represented by counsel, who had been served the Motion. The response deadline was pending when the action was removed, after Dr. Rabadi secured new counsel. ECF. No. 2, p. 2. Dr.

Rabadi's notice of removal identifies no federal claim in the Complaint and invokes jurisdiction solely through the bankruptcy statutes.

## III. LEGAL STANDARD

A party may remove a claim under the bankruptcy-removal statute only when the district court has jurisdiction over that claim under the bankruptcy-jurisdiction statute. See 28 USCS § 1452.

Bankruptcy jurisdiction extends to proceedings arising under title 11, arising in a title 11 case, or related to a title 11 case. A proceeding "arises in" a bankruptcy case when it would have no existence outside bankruptcy, while a related proceeding is one whose outcome could alter the debtor's rights, liabilities, options, or freedom of action and affect administration of the estate. Chapman v. Wells, 557 N.W.2d 725, 729 (N.D. 1996).

A proceeding adjudicating rights created by state law is not core merely because its resolution may affect the bankruptcy estate. Chapman v. Wells, 557 N.W.2d at 729. The bankruptcy judge determines, upon a timely motion or on the court's own motion, whether a proceeding is core or merely related to a title 11 case. 28 USCS § 157(b)(3).

For a proceeding based on state law that is merely related to a title 11 case, the district court must abstain when the action could not have been commenced in federal court without bankruptcy jurisdiction, the action has been commenced in an appropriate state forum, and it can be timely adjudicated there. 28 USCS § 1334(c)(2). The Court also may remand a bankruptcy-related claim on any equitable ground.28 USCS § 1452(b).

## IV. ARGUMENT

**A. <u>This state-law guaranty action is not a core bankruptcy proceeding.</u>**

The Notice of Removal characterizes this action as core to the bankruptcy proceeding because resolution of First Western's claim against Dr. Rabadi allegedly depends on the validity of First Western's claims against the debtor entities. However, this argument fails to distinguish between a proceeding that may be related to the bankruptcy cases and one that arises under the Bankruptcy Code or arises in a bankruptcy case.

A core proceeding is one "arising under title 11" or "arising in a case under title 11." 28 U.S.C.§ 157(b). First Western's claim exists independently of bankruptcy and does not arise under title 11, nor does it arise under a case under title 11. First Western's claims against Dr. Rabadi arises from thirteen guaranty contracts relating to Dr. Rabadi's individual or personal liability under those guaranty contract and was filed in state court months before the bankruptcy petitions. The action does not seek relief under title 11, allowance of a claim against a bankruptcy estate, or disposition of bankruptcy estate property. It seeks to determine a non-bankruptcy debtor's liability for the indebtedness of another under state-law contracts.

North Dakota law treats a guaranty as a separate obligation, distinct from the principal obligation imposed by a note or mortgage. <u>See</u> <u>Alerus Fin., N.A. v. Marcil Group Inc.</u>, 2011 ND 205, ¶ 19; 806 N.W.2d 160, 169 (N.D. 2011). A creditor may proceed directly against a guarantor under an absolute guaranty of payment and need not first proceed against the principal debtor. <u>id</u>. The North Dakota Supreme Court has likewise recognized that liability under an individual guaranty is predicated on the "separate and distinct contract of guaranty" rather than the underlying mortgage debt. <u>First Interstate Bank, N.A. v. Larson</u>, 475 N.W.2d 538, 542 (N.D. 1991).

Defendant Dr. Rabadi reliance upon 28 U.S.C. §157(b)(2)(B) in support of this matter being a core proceeding is misplaced. A guarantor's liability is not affected to the amount the debtors owe First Western under their reorganization plan. Reling on 11 U.S.C.§ 524(e), the Tenth Circuit explained "that discharge of a borrower's debt in bankruptcy does not affect a guarantor's liability." FB Acquisition Prop. I, LLC v. Gentry (In re Gentry), 807 F.3d 1222, 1227 (10th Cir. 2015). Further, a confirmed plan even if it promises full repayment of the indebtedness, does not affect the guarantor's liability. NCND Tex. Nat'l Bank v. Johnson, 11 F.3d 1260, 1266 (5th Cir. 1994) "[A] lender obtains guaranties specifically to provide an alternative source of repayment in the event that the primary obligor's debt is discharged in bankruptcy." id. Thus any adjustment in on the liability of the debtors for the underlying indebtedness in the Chapter 11 proceedings will not have an effect on Defendant Rabadi's liability under the guaranty contract.

[¶ 1] Defendant Rabadi's liability under the guaranty contract is not reliant upon First Western Establishing the existence of their claims against the debtors' estates. North Dakota law independently governs the scope of a guarantor's obligation, including that the obligation may not be larger or more burdensome than the principal's obligation. N.D.C.C. § 22-01-12. North Dakota guaranty law has long recognized that the liability of an absolute guarantor of payment is established immediately upon the default of the principal debtor, and liability should not have to wait until a later determination by a court to make the liability something less than it was contracted to be. This basic principle of guaranty law is codified in North Dakota at N.D.C.C. § 22-01-10, and was taken up in State Bank of Burleigh County v. Porter, 167 N.W.2d 527 (N.D. 1969), with the court explaining that an absolute guaranty is a contract

> by which the guarantor has promised that if the debtor does not perform his obligation or obligations, the guarantor will perform some act (such as the payment of money) to or for the benefit of the creditor. Thus, a guaranty is classified as absolute even though the liability of the guarantor is conditioned upon the default of

> the principal debtor. When the guaranty is absolute, and provides for the payment of a specified sum of money at a specified date, liability becomes fixed on default of the debtor. 38 **Am. Jur. 2d, Guaranty**, Sec. 21, p. 1019.

*id. at 532.* It further explained that N.D.C.C. § 22-01-10 "defines a guaranty of payment in terms of liability as follows: A guarantor of payment or performance is liable to the guarantee immediately upon the default of the principal and without a demand or notice." *State Bank v. Porter, 167 N.W.2d at 533.*

This action does not affect the debtors' estate of claims against the debtors' estate under 28 U.S.C. §157(b)(2)(B). The Court should therefore determine that this action is a non-core proceeding.

**B. Mandatory abstention requires remand if the state court can timely adjudicate the action.**

While this action is not core to the debtors' bankruptcy proceeding, the action may qualify as "related to" the bankruptcy cases if its outcome could affect estate administration. Chapman v. Wells, 557 N.W.2d at 729 (N.D. 1996). A state-law cause of action affecting the amount of property available for distribution may be related to a bankruptcy case without being core. *id*. If the court finds that this action may be a related action, this action satisfies the established elements of mandatory abstention, subject to a finding that it can be timely adjudicated in state court.

First, the Complaint asserts a state-law contract claim under commercial guaranties. Second, the claim does not arise under title 11 and could exist entirely outside bankruptcy. Third, the Notice identifies no basis for original federal jurisdiction apart from bankruptcy jurisdiction. Fourth, the action was commenced in an appropriate North Dakota state court before the bankruptcy cases and before removal.

Finally, the state-court action had progressed to the summary-judgment stage before removal, with the timeline for the Defendant to respond looming at the time that the Defendant filed the Notice of Removal. That procedural posture supports returning the action to the court in which it was commenced.

The state court can timely adjudicate the action. Prior to removal the parties had stipulated to a scheduling order which was filed with the state district court on July 28, 2026. ECF No. 1, Attachment 10. Many of the timelines have ran with the parties stating that they would be ready for trial on or before January 31, 2027. id. The district court entered its order on July 30, 2026 adopting the stipulation for scheduling order as its scheduling order. ECF No. 1, Attachment 11.

Upon that showing, abstention is mandatory because this is a state-law proceeding that is merely related to the bankruptcy cases, lacks an independent basis for federal jurisdiction, was commenced in an appropriate state forum, and can be timely adjudicated there. 28 USCS § 1334(c)(1). The Court should abstain and remand.

**C. Alternatively, equitable remand is warranted.**

Even if mandatory abstention is not established, the Court may remand a bankruptcy-related claim on any equitable ground. 28 USCS § 1452(b). The circumstances favor that relief.

The claim is governed by North Dakota guaranty law and concerns a distinct contractual obligation allegedly undertaken by a non-debtor. Alerus Fin., N.A. v. Marcil Group Inc., 2011 ND 205, ¶ 19; 806 N.W.2d 160, 169 (N.D. 2011). The action was pending in state court for more than six months before removal and had reached the summary-judgment stage. Remand would allow the state court to resolve the pending state-law dispute while leaving the bankruptcy court to address claims against the debtor entities.

Remand also avoids treating a potential effect on estate administration as though it converted an otherwise independent state-law claim into a core proceeding. The proper distinction is straightforward: a proceeding may be related to bankruptcy when its outcome could affect the estate, but a state-created cause of action is not thereby transformed into a core bankruptcy claim. Chapman v. Wells, 557 N.W.2d at 729 (N.D. 1996).

**D. The Court may award costs and expenses if it remands for lack of subject-matter jurisdiction.**

When a case is remanded for lack of subject-matter jurisdiction, the remand order may require payment of just costs and actual expenses, including attorney fees, incurred because of the removal. 28 USCS § 1447(c).

First Western requests such an award only if the Court determines that subject-matter jurisdiction is absent and that an award is appropriate under the circumstances. Alternatively, if the Court finds related-to jurisdiction but remands through abstention or on equitable grounds, First Western requests remand without an award of fees.

## V. CONCLUSION AND PRAYER FOR RELIEF

First Western respectfully requests that the Court:

1. Determine that this state-law guaranty action is not a core proceeding;
2. Abstain and remand the action to the District Court of the Northeast Central Judicial District, Grand Forks County, North Dakota;
3. Alternatively, remand the action on equitable grounds;
4. If the Court determines that subject-matter jurisdiction is absent, award First Western its just costs and actual expenses, including attorney fees, incurred because of removal; and

5. Grant such other relief as the Court deems just and proper.

Dated: November 12, 2026.

OLSON & BURNS P.C.

/s/ Nici Meyer
Nici Meyer (ID # 05733)
Attorneys for Plaintiff
First Avenue SE
P. O. Box 1180
Minot, ND 58702-1180
(701) 839-1740
nmeyer@minotlaw.com

**CERTIFICATE OF SERVICE**

I certify that on November 12, 2026, I filed the foregoing Plaintiff's Motion to Remand and Memorandum in Support of Motion to Remand electronically through the Court's CM/ECF system, which served notice on all registered participants, including counsel for Defendant Khaled Rabadi.

/s/ Nici Meyer
Nici Meyer